CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
March 31, 2025
LAURA A. AUSTIN, CLERK
BY: s/A. Beeson
     DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| **MOHAMMAD N. HASAN** | ) |
| | ) |
| Plaintiff, | )  Case No. 7:24-cv-68 |
| | ) |
| v. | )  Hon. Robert S. Ballou |
| | )  United States District Judge |
| **LAWRENCE SHU CHUNG WANG** | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION

Mohammad N. Hasan, a Virginia inmate proceeding *pro se*, filed this civil rights action under 42 U.S.C. § 1983, alleging that the defendant, Lawrence Shu Chung Wang, M.D., was deliberately indifferent to his serious medical needs in violation of the Eighth Amendment of the United States Constitution. Hasan alleges that Dr. Wang refused to provide him with necessary medical care for his Achilles tendons, and as a result, Dr. Wang exacerbated Hasan's pain and suffering. Dr. Wang filed a Motion for Summary Judgment, (Dkt. 15), arguing that Hasan's complaint amounts to a mere disagreement with Dr. Wang's medical judgment, which does not constitute deliberate indifference under the Eighth Amendment. Additionally, Dr. Wang asserts that he is entitled to qualified immunity. I conclude that Dr. Wang did not act with deliberate indifference to Hasan's serious medical needs. Because Dr. Wang did not act with deliberate indifference, the question of qualified immunity is moot and Dr. Wang is entitled to judgment as a matter of law. I **GRANT** Dr. Wang's motion for summary judgment.

# I. Standard of Review

Under Rule 56 of the Federal Rules of Civil Procedure, summary judgment is proper only where there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(a). "A dispute is genuine if a reasonable jury could return a verdict for the nonmoving party. A fact is material if it might affect the outcome of the suit under the governing law." *Jacobs v. N.C. Admin. Office of the Courts*, 780 F.3d 562, 568 (4th Cir. 2015) (internal quotation marks and citations omitted). The moving party has the initial burden to show "the absence of an essential element of the nonmoving party's case and that it is entitled to judgment as a matter of law." *Honor v. Booz–Allen & Hamilton, Inc.*, 383 F.3d 180, 185 (4th Cir. 2004) (internal citations omitted). If so, then to survive summary judgment, "the nonmoving party then must come forward with specific facts showing that there is a genuine issue for trial." *Id.* "Summary judgment will be granted unless a reasonable jury could return a verdict for the nonmoving party on the evidence presented." *Id.*

On summary judgment, the court must consider the facts, and inferences to be drawn from those facts, "in the light most favorable to the nonmoving party." *Jacobs*, 780 F.3d at 568 (internal quotation marks and citations omitted). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (internal quotation marks and citation omitted).

## II. Background

Hasan is incarcerated at Green Rock Correctional Center. Dkt. 1. He alleges that Dr. Wang, a doctor at Green Rock, acted with deliberate indifference to his serious medical needs in violation of the Eighth Amendment by failing to provide him with a cane, a wheelchair, shoe insoles, an ankle brace, conduct an MRI, or refer him to a podiatrist in the course of treating issues with Hasan's Achilles tendons.[1] *Id.* at 2, 8, 9.

In support of his Motion for Summary Judgment, Dr. Wang submitted a sworn declaration and copies of Hasan's medical records which, along with Hasan's Complaint, attached exhibits, and Response and Reply briefs, establish the following undisputed facts. Dkts. 1, 1–1, 16–1, 21, 23. On April 8, 2023, Hasan was transferred to Green Rock and received a medical orientation.[2] *Id.* at 4. Following orientation, Dr. Wang ordered ibuprofen for Hasan. *Id.* Dr. Wang then saw Hasan for a follow-up appointment on May 3, 2023, and Hasan requested medical shoes for his foot pain. *Id.* Hasan asserts that his feet were "swollen and blue and red" at

---

[1] The Court notes that Hasan did not affirm under penalty of perjury the veracity of the declarations made in his Response brief. *See* Dkt. 21. Under 28 U.S.C. § 1746, an unsworn declaration must be signed under penalty of perjury. *See Roman v. Zych,* No. 7:17-cv-00416, 2018 WL 3244412, at *1 n.1 (W.D. Va. July 3, 2018), *aff'd,* 746 F. App'x 248 (4th Cir. 2018) ("[O]f Plaintiff's two responses, only his statements based on personal knowledge in the second response constitute an admissible declaration per 28 U.S.C. § 1746."). The Court nonetheless considers Hasan's unsworn declarations made in his Response brief in assessing whether genuine issues of material fact exist in this case.

[2] The record indicates that Hasan received treatment for ankle pain at other correctional institutions dating back to 2021, before he was transferred to Green Rock in 2023. This treatment included x-rays, gel-insoles, ibuprofen, naproxen (a nonsteroidal anti-inflammatory drug), an icing regimen, plain-toe, high-top boots, and Triamcinolone (a drug used to treat inflammation). Dkt. 16–1 at 8–26. Hasan was also diagnosed with tedinopathy. *Id.* at 13. "Tendinopathy is any condition that affects a tendon, making it painful to use and reducing its functionality." Tendinopathy, Cleveland Clinic (Jan. 30, 2025, 5:02 PM, https://my.clevelandclinic.org/health/diseases/22289-tendinopathy).

this time. Dkt. 21 at 6. However, Dr. Wang did not observe "swelling or deformity to [Hasan's] foot," but noted mild tenderness to Hasan's right Achilles tendon. Dkt. 16–1 at 4. Dr. Wang assessed Hasan with Achilles tendinitis.[3] *Id.* Dr. Wang ordered ibuprofen and "soft sole state boots" for Hasan's pain but found that medical shoes were not necessary. *Id.* at 27. Hasan agrees that Dr. Wang ordered boots, but asserts that they were "state boots[,] not soft sole boots." Dkt. 23 at 3.

On May 5, 2023, Hasan did not attend a scheduled appointment with Dr. Wang.[4] Dkt. 16–1 at 4. On June 28, 2023, Hasan was seen by nursing staff for pain in both Achilles tendons. He requested shoe inserts and a referral to a specialist. *Id.* Hasan alleges that his feet were blue and red from swelling (Dkt. 21 at 7), and the record reflects that he stated "[l]ook at that swelling" to nursing staff while pointing to an area around his Achilles. Dkt. 16–1 at 4. Nursing staff did not observe any significant swelling and referred Hasan to see Dr. Wang. *Id.* The next day, Dr. Wang examined Hasan and renewed his Motrin prescription. *Id.* Dr. Wang noted that Hasan's previous medical exam was normal and there was no indication for an orthopedic referral, but he would consider physical therapy. *Id.* Following his meeting with Dr. Wang, Hasan filed an Informal Complaint on July 17, 2023 and then a Regular Grievance on August 2, 2023.[5] Dkt. 1–1 at 4–5.

---

[3] "Tendinitis is inflammation of the thick fibrous cords that attach muscle to bone." Mayo Clinic Staff, *Tendinitis*, Mayo Clinic (Jan. 30, 2025, 4:54 PM, https://www.mayoclinic.org/diseases conditions/tendinitis/symptoms-causes/syc-20378243).

[4] Dr. Wang asserts that Hasan "refused" the appointment. Dkt 16–1 at 4. Hasan offers conflicting accounts for why he missed the appointment. Hasan initially claimed that he intentionally missed the appointment because "Dr. Wang informed [him] he could do nothing for [him] and he was not going to give [him] anything so why should [he] see Dr. Wang." Dkt. 21 at 7. However, in a later filing, Hasan asserted that he was never informed by Green Rock staff that he had an appointment. Dkt. 23 at 4.

In them, Hasan complained about the adequacy of Dr. Wang's treatment and requested a referral to a podiatrist. *Id.* Hasan's complaints were investigated and ultimately deemed to be unfounded. *Id.* at 1–3.

On August 1, 2023, Dr. Wang saw Hasan for a follow-up appointment for his Achilles pain. Dkt. 16–1 at 5. Hasan again complained that his foot had changed color and asked to see a specialist.[6] *Id.* Dr. Wang did not observe any swelling of Hasan's right ankle but did observe "mild hyperpigmentation superior to the right heel" and ordered an x-ray. *Id.* Dr. Wang also ordered Voltaren topical gel, an anti-inflammatory medication. *Id.* On August 3, 2023, an x-ray of Hasan's right ankle showed "calcification of the insertion of the Achilles tendon," "no acute fracture, dislocation, or degenerative disease," and "[t]he soft tissue appeared unremarkable." *Id.* On August 15, 2023, Dr. Wang explained the results of the x-ray to Hasan and that "calcification is a chronic condition after an injury and that no podiatry consult was needed at that time." *Id.*

After the appointment, Hasan filed an Informal Complaint on August 16, 2023 and a Regular Grievance on August 27, 2023 against Dr. Wang. Dkt. 1–1 at 11–13. Hasan claimed that Dr. Wang denied him gel-insoles and a cane for his Achilles pain and requested that he obtain

---

[5]     Hasan also alleges that Green Rock Health Service Director's administrative finding that Hasan's Regular Grievance complaint relating to Dr. Wang's denial of a cane and gel-insoles on September 19, 2023 was unfounded, violated "the Due Process Clause of the [Fourteenth Amendment]" by not "seeking professional outside assistance by a [p]odiatrist." Dkt. 1 at 5. To the extent that Hasan attempts to bring a claim under the Fourteenth Amendment related to the grievances against Dr. Wang, he has not shown that Dr. Wang was involved in the grievance procedure or responded to the grievances.

[6]     It is unclear which foot Hasan claimed had changed color. Although it not entirely legible, the notation in the medical record appears to indicate that it was his right foot. Dkt. 16–1 at 30. Hasan asserts in his Response brief that both feet were swollen. Dkt. 21 at 8.

approval for those items. *Id.* Hasan's complaints were investigated and deemed to be unfounded. *Id.* at 9–10.

Hasan next visited Dr. Wang on September 18, 2023 for a chronic disease care follow-up and requested gel-insoles. Dkt. 16–1 at 5. Dr. Wang again explained the results of the August 3, 2023 x-ray, that calcification is a chronic condition meaning "an old injury," and advised Hasan to acquire insoles from the commissary. *Id.*

On October 18, 2023, Hasan requested medication renewal of his medication for his foot pain and Dr. Wang renewed his Motrin. *Id.* On or about January 30, 2024, Hasan visited Dr. Wang for a medication renewal and complained of ankle pain. *Id.* Dr. Wang did not observe any swelling at that time and noted that Hasan's gait was normal. *Id.* Dr. Wang assessed Hasan with chronic ankle pain and renewed his ibuprofen prescription. *Id.* at 6. Hasan asserts that his ankles were visibly swollen during this appointment. Dkt. 21 at 10–11.

### III. Analysis

#### A. Legal Standard

To state a claim of deliberate indifference against medical providers under § 1983, a plaintiff must establish that a defendant, acting under the color of state law, deprived him of rights guaranteed by the Constitution or laws of the United States. *See* 42 U.S.C. § 1983; *West v. Atkins*, 487 U.S. 42, 48 (1988). A prison official's "deliberate indifference to serious medical needs of prisoners constitutes the unnecessary and wanton infliction of pain proscribed by the Eighth Amendment." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976) (internal quotation marks and citation omitted). A claim of deliberate indifference has two components: an objective prong and a subjective prong. "The plaintiff must show that he had serious medical needs, which is an

6

objective inquiry, and that the defendant acted with deliberate indifference to those needs, which is a subjective inquiry." *Heyer v. United States Bureau of Prisons*, 849 F.3d 202, 209–10 (4th Cir. 2017).

The first prong "requires plaintiffs to demonstrate that the deprivation alleged was, objectively, sufficiently serious." *Scinto v. Stansberry*, 841 F.3d 219, 225 (4th Cir. 2016) (internal quotation marks and citations omitted). A serious medical need is one that has "been diagnosed by a physician as mandating treatment or . . . is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Iko v. Shreve*, 535 F.3d 225, 241 (4th Cir. 2008) (internal quotation marks and citation omitted).

Under the second prong, plaintiffs must show that prison officials acted with deliberate indifference. *Scinto*, 841 F.3d at 225. "[A] defendant acts with deliberate indifference if he had actual knowledge of the [plaintiff's] serious medical needs and the related risks, but nevertheless disregarded them." *Gordon v. Schilling*, 937 F.3d 348, 357 (4th Cir. 2019) (internal quotation marks and citation omitted); s*ee also Jackson v. Lightsey*, 775 F.3d 170, 178 (4th Cir. 2014) (noting that deliberate indifference requires a showing that a prison official "had actual subjective knowledge of both the inmate's serious medical condition and the excessive risk posed by the official's action or inaction."). "A plaintiff can satisfy the subjective knowledge requirement through direct evidence of a defendant's actual knowledge or through circumstantial evidence tending to establish such knowledge, including evidence that the defendant knew of a substantial risk from the very fact that the risk was obvious." *Hairston v. Allen*, No. 7:19cv328, 2020 WL 1066342, at *5 (W.D. Va. Mar. 5, 2020).

To rise to the level of deliberate indifference, "[t]he [defendant's] conduct must be so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." *Coward v. Clarke*, No. 7:20cv702, 2022 WL 991702, at *5 (W.D. Va. Mar. 31, 2022) (internal citation omitted). Indeed, "[a] claim concerning a mere disagreement between an inmate and medical personnel regarding a diagnosis or course of treatment does not implicate the Eighth Amendment." *Id.* at *6 (internal citations omitted); *see also Russell v. Sheffer*, 528 F.2d 318, 319 (4th Cir. 1975) ("Questions of medical judgment are not subject to judicial review.") (internal citation omitted); *Phoenix v. Amonette*, 95 F.4th 852, 859 (4th Cir. 2024) ("[O]nce prison officials are aware of a serious medical need, they need only to respond reasonably to the risk.") (internal quotation marks and citation omitted). Accordingly, "many acts or omissions that would constitute medical malpractice will not rise to the level of deliberate indifference." *Id.* (internal quotation marks and citation omitted). In other words, "deliberate indifference is more than mere negligence, but less than acts or omissions [done] for the very purpose of causing harm or with knowledge that harm will result." *Scinto*, 841 F.3d at 225 (internal quotation marks and citation omitted).

For qualified immunity, the doctrine applies to "government officials performing discretionary functions" and "shield[s] [them] from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). However, "[b]ecause freedom from deliberate indifference to serious medical conditions is a clearly established Eighth Amendment right, the test for qualified immunity folds into the test on the merits." *See Pelzer v. Garman*, No. 7:11cv111, 2011 WL 5244364, at *3 n.4 (W.D. Va. Nov.

2, 2011). In other words, if a defendant is found to have acted with deliberate indifference to a plaintiff's serious medical need, then they are not entitled to qualified immunity.

### B.  Hasan's Achilles Pain Constitutes a Serious Medical Need

Dr. Wang does not dispute that Hasan's Achilles tendon issue was an objectively serious medical need that required treatment. The record reflects that Hasan was diagnosed with tendinopathy at a previous correctional institution and Dr. Wang likewise assessed Hasan with tendinitis. Dkt. 16–1 at 4, 13. Courts have recognized that injuries to the Achilles tendon constitute a serious medical need. *See Hairston v. Allen*, No. 7:19cv328, 2022 WL 16630281, at *10 (W.D. Va. Nov. 2, 2022) (finding that a "ruptured Achilles tendon constitutes a serious medical need so as to satisfy the objective standard.") (internal citation omitted); *see also Skaggs v. Clark*, No. 3:13-cv-03293, 2016 WL 1271512, at *7 (S.D. W. Va. Mar. 31, 2016) ("[S]everal courts have recognized that a medical condition which threatens a plaintiff's ability to walk, even on a non-permanent basis, [constitutes] a serious medical need.") (*citing Taylor v. Plousis*, 101 F. Supp. 2d 255, 262 (D.N.J. 2000)).

### C.  Dr. Wang's Conduct Does Not Constitute Deliberate Indifference

For the second, subjective prong of the analysis, Dr. Wang was aware of Hasan's Achilles problems and the risks it posed to him. Dr. Wang saw Hasan for his Achilles pain multiple times and provided Hasan with pain medication and other treatments. Dkt. 16–1 at 4–6; *see Goulet v. Hereford*, No. 7:19cv701, 2022 WL 16936052, at *5 (W.D. Va. Nov. 14, 2022) ("The plaintiff can meet the subjective knowledge requirement through direct evidence of a prison official's actual knowledge of the excessive risk and medical condition . . . .") (internal citation omitted). However, the medical record does not support a finding that Dr. Wang acted with deliberate

9

indifference to that medical need. *See Wynn v. Mundo*, 367 F. Supp. 2d 832, 837 (M.D.N.C. 2005), *aff'd*, 142 F. App'x 193 (4th Cir. 2005) ("In determining whether the prison officials are deliberately indifferent to a prisoner's serious medical needs, the court may generally rely on medical records concerning examination and treatment of the prisoner.") (internal citation omitted).

Hasan asserts that Dr. Wang acted with deliberate indifference to his Achilles pain by refusing to provide him with a cane, wheelchair, gel-insoles, ankle brace, MRI, or a referral to a podiatrist, and that these refusals exacerbated his Achilles tendon pain.[7] Hasan claims that Dr. Wang provided him with "absolutely no medical assistance." Dkt. 1 at 2. Contrary to Hasan's assertion, however, the record shows that Dr. Wang repeatedly provided medical assistance to Hasan for his Achilles pain. Hasan was seen multiple times by Dr. Wang to address his Achilles pain and Dr. Wang provided treatment that included physical examinations, prescribing state boots, ibuprofen, and an anti-inflammatory gel, advising Hasan to purchase insoles from the commissary, and obtaining an x-ray examination. Dkt. 16–1 at 4–6. Although Hasan alleges that his Achilles issues caused him pain to walk, Dr. Wang concluded that "neither an ankle brace, cane, nor wheelchair were indicated for [Hasan's] condition . . . [because] he did not exhibit any

---

[7] Hasan also makes various declarations in his Response and Reply briefs that Dr. Wang denied seeing him on multiple occasions when he requested treatment for his Achilles issues. *See* Dkt. 21 at 11–13; Dkt. 23 at 2, 7. Because Hasan did not raise this issue in his original complaint, the Court will not consider a claim of deliberate indifference based upon Dr. Wang's alleged refusal to see Hasan. *See S. Walk at Broadlands Homeowner's Ass'n, Inc. v. OpenBand at Broadlands, LLC*, 713 F.3d 175, 184 (4th Cir. 2013) ("It is well-established that parties cannot amend their complaints through briefing . . . ."); *see also Sarno v. Wilson*, No. 1:17cv953, 2018 WL 3638079, at *3 n.2 (E.D. Va. July 27, 2018) ("[I]t is well accepted that a plaintiff, even one proceeding *pro se*, cannot amend his complaint by asserting new claims in an opposition brief to a motion for summary judgment.") (internal citation omitted).

functional limitations or difficulty ambulating." [8] *Id.* at 6; *see Fleming v. Weber*, No. GLR-22-581, 2023 WL 1995412, at *10 (D. Md. Feb. 14, 2023) (finding no deliberate indifference where the plaintiff was denied crutches and a wheelchair because "reports indicate[d] that [the plaintiff] was able to walk without the assistance of crutches or a wheelchair.").

Furthermore, Dr. Wang considered Hasan's requests to see a specialist for his Achilles pain and concluded that a specialist was not indicated based on Hasan's symptoms. Dkt. 16–1 at 30–31. Denial of referral to a specialist does not rise to the level of deliberate indifference when the evidence establishes that a referral was not medically indicated. *See Wilson v. Young*, No. 1:19cv1526, 2021 WL 5930846, at *7 (E.D. Va. Dec. 15, 2021) (finding no deliberate indifference when "[t]he undisputed medical records . . . indicate that [the plaintiff] did not meet the criteria for a referral to a podiatrist . . . .").

Hasan argues, without evidence, that an x-ray was inadequate because the results are unreliable and that an MRI would have "[p]ossibly . . . led to a more appropriate diagnosis and treatment" for his Achilles pain. Dkt. 1 at 12. However, "[t]he fact that every request for medical tests was not approved does not reflect deliberate indifference." *Tinsley v. Wexford Health Sources Inc.*, No. JKB-16-2526, 2017 WL 3413747, at *6 (D. Md. Aug. 8, 2017). Hasan also faults Dr. Wang for taking an x-ray of his right ankle instead of his left ankle. Dkt. 21 at 9. The

---

[8]  Hasan asserts, with little specificity, that the denial of these requests exacerbated his pain to the point that he was unable to walk to various locations within Green Rock, including the "Chow Hall" to receive meals. Dkt. 1 at 8. There is no evidence in the record that Hasan notified Dr. Wang that he was unable to attend meals. Indeed, Dr. Wang asserts that he observed Hasan's gait and ambulation to be normal. Dkt. 16–1 at 34–35. Accordingly, it cannot be said that Dr. Wang was aware of the risk that Hasan would be unable to attend meals because of his Achilles pain. *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994) (explaining that to establish deliberate indifference, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.").

record reflects that Dr. Wang noticed hyperpigmentation near the right heel and there was no indication of the need for an x-ray of the left ankle. Dkt. 16–1 at 5, 30. To the extent that Hasan alleges that Dr. Wang took an x-ray of the wrong foot, "negligent medical diagnoses or treatment, without more, do not constitute deliberate indifference." *See Stewart v. Wang*, No. 7:21cv315, 2022 WL 2252975, at *5–6 (W.D. Va. June 22, 2022) (*citing Webb v. Hamidullah*, 281 Fed. App'x 159, 166 (4th Cir. 2008)).

Hasan claims that the anti-inflammatory gel, Voltaren, that Dr. Wang prescribed him "did not work" and so he "[gave]" it back." Dkt. 23 at 5. Such refusal of Dr. Wang's prescribed medical treatment also does not support a claim of deliberate indifference. *See Spencer v. Williams*, No. 7:05cv627, 2005 WL 2671345, at *2 (W.D. Va. Oct. 19, 2005) (reasoning that the plaintiff's voluntary refusal of the offered treatment "in an effort to obtain the treatment he wanted" did not indicate that the defendant was deliberately indifferent). In a similar vein, Hasan claims that Dr. Wang's recommendation to purchase commissary insoles was inadequate because commissary insoles are different from the gel-insoles that Hasan requested and "[Hasan had] purchased [those] insoles from commissary and they d[id] not work, as [he] explained to Dr. Wang." Dkt. 23 at 6. Although deliberate indifference can be inferred when a doctor knows that a course of treatment is largely ineffective and declines to change the course of treatment, *see Dallas v. Craft*, No. 3:21cv349, 2022 WL 2079312, at *17 (E.D. Va. June 9, 2022) (internal citations omitted), the record shows that Dr. Wang's admonition to purchase commissary insoles was part of a larger treatment plan to address Hasan's chronic condition. Indeed, the month before Dr. Wang advised Hasan to purchase the insoles, Dr. Wang had ordered an x-ray for Hasan

and prescribed a new medication, Voltaren. Dkt. 16–1 at 5. Accordingly, Dr. Wang's course of treatment was not constitutionally inadequate.

Additionally, Hasan asserts that he presented to Dr. Wang with severe pain, swelling, functional limitations, and difficulty ambulating. Hasan claims that every time he saw Dr. Wang, he complained about his severe pain, Dkt. 23 at 6–7, and that on multiple occasions he exhibited swelling of his ankles that caused them to turn "blue and red coloring," Dkt. 21 at 7–11. However, the medical records and Dr. Wang's declarations state that no discoloration was observed around Hasan's ankles, except in one instance where mild discoloration was observed only near the right heel. Dkt. 16–1 at 4–6, 30–36. These discrepancies do not create a genuine issue of material fact because the record reflects that Dr. Wang responded to Hasan's complaints by promptly providing Hasan with treatment such as anti-inflammatory medication and an x-ray. *Id; see Wilson*, 2021 WL 5930846, at *7 (finding that the medical providers did not act with deliberate indifference to plaintiff's foot issues when they ordered him an x-ray and renewed his pain medication). Similarly, although Hasan disagrees with Dr. Wang's assessment of his pain level, gait, and ambulation, Dr. Wang provided a reasonable, continuing course of different treatments to address Hasan's Achilles pain. [9] *See Farmer*, 511 U.S. at 845 ("[P]rison officials who act reasonably cannot be liable under the Cruel and Unusual Punishments Clause."); *see also Allen v. Ulep*, No. 1:19cv1477, 2021 WL 3779246, at *9 (E.D. Va. Aug. 24, 2021) ("Plaintiff thus merely disagrees with [Defendant] regarding whether Plaintiff's gait was effected by Plaintiff's . . . pain and whether . . . [Plaintiff's requested course of treatment] would assist

---

[9]     In April of 2022, when Hasan was an inmate at a previous correctional institution and being treated for his Achilles pain, the treating physician noted that Hasan was ambulatory and had a steady gait even though Hasan rated his pain an "8/10." Dkt 16–1 at 20.

Plaintiff. Such disagreements cannot establish a deliberate indifference claim.") (internal citation omitted).

At its core, Hasan's complaint boils down to a disagreement with Dr. Wang's medical judgment in treating his Achilles pain. Hasan may disagree with Dr. Wang's conclusions regarding his Achilles tendons, such as his medical examination being "normal," or his condition being "chronic." Dkt. 21 at 8–9. Likewise, Hasan may also disagree with Dr. Wang's course of treatment and believe that certain boots and insoles are more effective than others. Dkt. 23 at 3, 6. Those conclusions and treatment decisions, however, are medical in nature and such medical disagreements do not rise to the level of deliberate indifference in violation of the Eighth Amendment. Indeed, a "disagreement with the course of medical treatment cannot sustain a constitutional claim." *Delk v. Moran*, No. 7:16cv554, 2019 WL 1117922, at *6 (W.D. Va. Mar. 11, 2019); s*ee also Jackson*, 775 F.3d at 178 ("[D]isagreement[s] between an inmate and a physician over the inmate's proper medical care . . . fall short of showing deliberate indifference.") (internal quotations and citation omitted). The undisputed evidence shows that Dr. Wang provided a reasonable course of treatment, in a timely manner, to address Hasan's serious medical needs. Because Dr. Wang did not act with deliberate indifference, it is unnecessary to decide the question of qualified immunity.

Accordingly, there is no genuine issue of a material fact and Dr. Wang is entitled to judgment as a matter of law.

## IV. Conclusion

For the reasons stated, I **GRANT** Dr. Wang's Motion for Summary Judgment (Dkt. 15) and **DISMISS** the case.

It is so **ORDERED**.

Entered:  March 31, 2025

*Robert S. Ballou*

Robert S. Ballou
United States District Judge